**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEBRASKA**

| | |
|---|---|
| ISAIAH HOOD-BEY, | |
| **Plaintiff,** | **8:24CV255** |
| vs. | |
| | **ORDER TO SHOW CAUSE** |
| DEPARTMENT OF MOTOR VEHICLES, DOUGLAS COUNTY COURT,  STATE OF NEBRASKA,  OFFICER NOAH ZENDEJAS (2513),  LUCIANO S RIZZO (1930), LACEE K GERWECK, (Y656); AUSTIN BECK, (2443); and JESSICA WALKER, (2520); | |
| **Defendants.** | |

This matter comes before the Court on its own motion after review of the docket.  Federal Rule of Civil Procedure 4(m) provides, "If a defendant is not served within 90 days after the complaint is filed, the court -- on motion or on its own after notice to the plaintiff -- must dismiss the action without prejudice against that defendant or order that service be made within a specified time.  But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period."  Fed. R. Civ. P. 4(m).

Plaintiff filed the Complaint in this matter on June 24, 2024.  (Filing No. 1).  Because Plaintiff did not pay the filing fee and was not represented by counsel, on August 8, 2024, the Court ordered Plaintiff to either submit the $405 filing fee or submit an application to proceed without prepayment of fees.  (Filing No. 4).  Plaintiff submitted the filing fee on September 6, 2024, and the Court removed the case from its Pro Se Docket and sent Plaintiff blank summons forms.  (Filing Nos. 5-7).  On September 12, 2024, on the Court's own motion, it extended the deadline for Plaintiff to complete service of process upon the defendants to December 10, 2024, pursuant to Rule 4(m).  (Filing No. 8).

After the Court's review of the summons purportedly returned executed, See Filing Nos. 10-12, and the summons returned unexecuted, Filing Nos. 13-17, the Court finds Plaintiff has not properly accomplished serviced upon the defendants.  See Neb. Rev. Stat. § 25-510.02 (Neb. Rev. Stat. § 25-510.02(1)-(3) (prescribing method for serving the State of Nebraska or any state agency,

and any county or political subdivision); see also Fed. R. Civ. P. 4(j)(2); Neb. Rev. Stat. § 25-511 ("Any employee of the state, as defined in section 81-8,210, sued in an individual capacity for an act or omission occurring in connection with duties performed on the state's behalf, regardless of whether the employee is also sued in an official capacity, must be served by serving the employee under section 25-508.01 and also by serving the state under section 25-510.02.").

The Court provided Plaintiff with a deadline of December 10, 2024, to serve the defendants. To date, Plaintiff has not filed valid returns of service or signed waivers for the defendants, nor have the defendants entered a voluntary appearance or otherwise indicated they have been provided proper notice of this action. Plaintiff has also not requested an additional extension of time to complete service. Although Plaintiff is proceeding pro se, Plaintiff must nevertheless comply with local rules, court orders, and the Federal Rules of Civil Procedure. See *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."); *Bennett v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) (a litigant's "*pro se* status d[oes] not entitle him to disregard the Federal Rules of Civil Procedure[.]"). Therefore, Plaintiff must show cause why this case should not be dismissed for failure to accomplish proper service of process or take other appropriate action. Accordingly,

**IT IS ORDERED:** Plaintiff shall have until **February 3, 2025,** to show cause why this case should not be dismissed pursuant to Federal Rule of Civil Procedure 4(m) or take other appropriate action. The failure to timely comply with this order may result in dismissal of this action without further notice.

Dated this 7th day of January, 2025.

BY THE COURT:

s/Michael D. Nelson
United States Magistrate Judge

2