IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ISAIAH HOOD-BEY,<br><br>                      Plaintiff,<br><br>     vs.<br><br>DEPARTMENT OF MOTOR VEHICLES, DOUGLAS COUNTY COURT, STATE OF NEBRASKA, OFFICER NOAH ZENDEJAS (2513), LUCIANO S RIZZO (1930), LACEE K GERWECK (Y656), AUSTIN BECK (2443), and JESSICA WALKER (2520),<br><br>                      Defendants. | 8:24CV255<br><br><br>MEMORANDUM AND ORDER DISMISSING CASE WITHOUT PREJUDICE |

This case is before the Court on the *pro se* plaintiff's two Motions for Default Judgment. Filing 20; Filing 28.[1] However, the plaintiff has failed to make timely service upon any defendant in this case, and he has not demonstrated good cause for his failure to complete service pursuant to Federal Rule of Civil Procedure 4(m). For these reasons and for the reasons explained below, the Court dismisses the plaintiff's action without prejudice.

In this case, along with Case No. 8:24CV474, plaintiff Isaiah Hood-Bey has purportedly tried to sue a total of 34 defendants, filed hundreds of pages of documents, mailed piles of documents to the Court, and made nonsensical and baseless claims against numerous people and

---

[1] The plaintiff has filed a third Motion for Default Judgment, Filing 29, a Motion for Clerks Entry of Default, Filing 30, and a Motion to Expedite, Filing 32. Filing 30 has been stricken pursuant to NEGenR 1.3(a)(4) because it is a duplicate of Filing 29. Upon review of Filing 29 and Filing 32, the Court concludes that they relate to a second case this same plaintiff has filed before the Court, Case No. 8:24CV474. The documents, dates, and individuals referenced in Filing 29 and Filing 32 are consistent with documents, dates, and individuals associated with Case No. 8:24CV474, but they are not consistent with documents, dates, and individuals associated with this case, Case No. 8:24CV255. Namely, Filing 29 and Filing 32 seem to take issue with the conduct of three attorneys representing defendants in 8:24CV474—not the present case. As the Court explains in this Order, the current action—Case No. 8:24CV255—is dismissed pursuant to Federal Rule of Civil Procedure 4(m), so all of the plaintiff's pending motions are necessarily denied as moot.

1

entities. It appears Hood-Bey has tried to sue anyone involved with holding him accountable for his alleged criminal conduct.

Given Hood-Bey's conduct in these lawsuits, the Court finds it appropriate to make sure Hood-Bey knows the potential consequences of making legally frivolous claims in Federal Court. A plaintiff who files frivolous claims or documents can be sanctioned and held personally financially responsible for the costs associated with requiring defendants to respond to nonsense. *Kurkowski v. Volcker*, 819 F.2d 201, 203–04 (8th Cir. 1987) (explaining that Rule 11 of the Federal Rules of Civil Procedure "allows the district court to impose sanctions whenever a plaintiff"—including a *pro se* plaintiff—"has filed a frivolous lawsuit"). In certain cases, and upon appropriate legal action being taken, a plaintiff's assets can be seized to pay for the costs associated with a plaintiff's conduct. *See, e.g.*, *Eckert v. Lane*, 678 F. Supp. 773, 777 (W.D. Ark. Jan. 26, 1988) (imposing Rule 11 sanctions upon a *pro se* plaintiff for "frivolous filings" and directing the United States Attorney for the Western District of Arkansas "to collect such amount by garnishment, execution, or other appropriate means"). Further, if a plaintiff persists in making frivolous filings in court, the Court can ban a plaintiff from making filings or filing any lawsuits in Court for a certain duration in the future. *In re Tyler*, 839 F.2d 1290, 1293 (8th Cir. 1988) ("The Court may, in its discretion, place reasonable restrictions on any litigant who files non-meritorious actions for obviously malicious purposes and who generally abuses judicial process. These restrictions may be directed to provide limitations or conditions on the filing of future suits." (internal citations omitted)).

## I. BACKGROUND

Isaiah Hood-Bey is a *pro se* plaintiff who apparently filed this suit after two encounters with police officers. Hood-Bey alleges only the following about the encounters:

> The Petitioner / Isaiah Hood-Bey while Parked on 2554 Fowler Ave Eastward was detained by Policeman / Prosecuting Witness, Officer Officer [sic] Noah Zendejas (2513), Luciano S Rizzo (1930), Lacee K Gerweck (Y656); employed by the police department of Douglas County who stated that Isaiah Hood-Bey was in violation of statute 60-6, 196-.15 , (3) 28-707, 60-4, 108 and 20-22 which is private policy (being classed as law).
>
> The Petitioner / Isaiah Hood-Bey while Parked and Visiting a Family member on 3207 N. 61st Street Northward was detained by Policeman / Prosecuting Witness, Officer Austin Beck (2443), Jessica Walker (2520); employed by the police department of Douglas County who stated that Isaiah Hood-Bey was in violation of statute 60-6, 196, 60-6, 197, 36-70 which is private policy (being classed as law).

Filing 1 at 3.

The Court has reviewed the docket for the County Court of Douglas County and found that there are five criminal prosecutions pending against Hood-Bey. *See State v. Isaiah Hood*, Case No. CR23-6798; *State v. Isaiah R Hood*, Case No. CR24-4952; *State v. Isaiah R Hood*, Case No. CR24-5367; *State v. Isaiah R Hood*, Case No. CR24-20084; *State v. Isaiah R Hood*, Case No. CR25-1622. The Court takes judicial notice of these five state court cases. *Nationwide Mut. Ins. Co. v. Richardson*, 108 F.4th 673, 677 n.2 (8th Cir. 2024) (explaining that a court may take judicial notice of public records). It appears that the five state court prosecutions stem from the two police encounters alleged in this case, Case No. 8:24CV255, and from two additional incidents alleged in a second case before this Court, Case No. 8:24CV474. The various "Citations – Summons[es] / Ticket[s] – Suit[s] / (misrepresented) Bill[s] of Exchange" referenced by Hood-Bey in his present Complaint relate to two of those pending prosecutions. The Court's review of the state court docket has also revealed that Hood-Bey has outstanding warrants in all five criminal cases.

As a result of these incidents, Hood-Bey sued the named officers, as well as the Department of Motor Vehicles, Douglas County Court, and the State of Nebraska. Filing 1 at 2 (listing the eight defendants as "Plaintiffs"). Construed liberally, as *pro se* complaints must be, Hood-Bey's Complaint asserts claims under 42 U.S.C. § 1983 for violations of his constitutional rights. *See*

3

*Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 849 (8th Cir. 2014) ("A *pro se* complaint must be liberally construed, *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976), and '*pro se* litigants are held to a lesser pleading standard than other parties[,]' *Fed. Express Corp. v. Holowecki*, 552 U.S. 389, 402, 128 S.Ct. 1147, 170 L.Ed.2d 10 (2008)."). Hood-Bey requests various forms of relief, including the dismissal of "All UNCONSTITUTIONAL Citations – Summons[es] / Ticket[s] – Suit[s] / (misrepresented) Bill[s] of Exchange" against him and "$75,000 for compensatory damages and $75,000 for punitive damages" from each defendant. Filing 1 at 11–12 (capitalization, spacing, and punctuation in the original).

Although Hood-Bey filed his Complaint, Filing 1, on June 24, 2024, on September 12, 2024, United States Magistrate Judge Michael D. Nelson extended Hood-Bey's deadline to complete service of process on the defendants to December 10, 2024. Filing 8 (Text Order). By January 7, 2025, Hood-Bey still had not properly accomplished service on any defendant nor had any defendant entered a voluntary appearance or otherwise indicated that they had been provided with proper notice of Hood-Bey's action. Filing 18 at 1. Accordingly, Judge Nelson gave Hood-Bey until February 3, 2025, "to show cause why this case should not be dismissed for failure to accomplish proper service of process or take other appropriate action." Filing 18 at 2. Judge Nelson explained to Hood-Bey that Neb. Rev. Stat. § 25-510.02 prescribes the method for serving the State of Nebraska or any state agency and any county or political subdivision, while Neb. Rev. Stat. § 25-511 and Neb. Rev. Stat. § 25-508.01 prescribe the method for serving any state employee sued in an individual capacity. Filing 18 at 1–2. Judge Nelson also reminded Hood-Bey that even though he is proceeding *pro se*, he "must nevertheless comply with local rules, court orders, and the Federal Rules of Civil Procedure." Filing 18 at 2 (citing *Ackra Direct Mktg. Corp. v. Fingerhut*

*Corp.*, 86 F.3d 852, 856 (8th Cir. 1996), and *Bennet v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002)).

Because Hood-Bey has not properly served any defendant in this case within the time provided by Federal Rule of Civil Procedure 4(m), the Court dismisses Hood-Bey's action in its entirety and on procedural grounds without considering the merits of any of Hood-Bey's claims. Thus, the Court acknowledges but does not presently address the abstention principles outlined in *Younger v. Harris*, 401 U.S. 37 (1971), and *Wallace v. Kato*, 549 U.S. 384 (2007).

## II. ANALYSIS

### A. Response to Order to Show Cause

On February 2, 2025, Hood-Bey filed his first Motion for Default Judgment, which he inexplicably titled a "Final Motion for Default Judgment." Filing 20. Upon review of the filing, the Court construes this Motion to be a timely response to the Order to Show Cause. *See Olsen as Trustee for Xurex, Inc. v. Di Mase*, 24 F.4th 1197, 1202 (8th Cir. 2022) ("A document filed *pro se* is to be liberally construed." (quoting *Erickson v. Pardus*, 551 U.S. 89, 94 (2007))). In his "Final Motion for Default Judgment," Hood-Bey attempts to "explain the reasons for [his] delay in serving the summons to the Defendants" by "outlin[ing] the specific challenges and circumstances" he faced. Filing 20 at 1. Hood-Bey claims he made "good faith attempts" to serve each defendant via certified mail but that each defendant either refused the certified mail receipt or accepted the receipt "without responding to the Complaint." Filing 20 at 2. Because of what Hood-Bey calls the defendants' "bad-faith evasion tactics," Hood-Bey requests "[a]n extension of time to complete service under Rule 4(m), as justice cannot be denied due to the defendants' deliberate avoidance." Filing 20-1 at 4 (emphasis omitted). Hood-Bey also asks the Court to

5

"[i]ssue default judgment against those refusing to participate in this litigation." Filing 20-1 at 4 (emphasis omitted).

As Judge Nelson explained in the Order to Show Cause, Federal Rule of Civil Procedure 4(m) states, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Rule 4(m) provides further, "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Here, Hood-Bey has not shown good cause for his failure to serve the defendants within the time provided by Rule 4(m), so the Court is not required to extend the time for Hood-Bey to attempt to do so. *Id.* The Order to Show Cause clearly informed Hood-Bey that his prior attempts at service had not properly accomplished service upon the defendants. Filing 18 at 1–2. Hood-Bey's "Final Motion for Default Judgment" accuses the defendants of using "bad-faith evasion tactics" to "actively dodge[ ] service at every turn," but the certified mail service he accuses the defendants of dodging is the very same certified mail service Judge Nelson already explained was insufficient under Nebraska state law. *Compare* Filing 20 at 2 (Hood-Bey's list of "Good Faith Attempts via Certified Mail"), *with* Filing 18 at 1–2 ("After the Court's review of the summons purportedly returned executed, *see* Filing Nos. 10–12, and the summons returned unexecuted, Filing Nos. 13–17, the Court finds Plaintiff has not properly accomplished service[ ] upon the defendants."). Based on the deficiencies of Hood-Bey's service attempts, the Court strongly doubts the defendants were aware of Hood-Bey's attempted service so as to "actively dodge[ ]" it, but even if they were aware, Hood-Bey has not explained what the defendants' "bad faith tactics" were or how they allegedly used them. In other words, Hood-Bey's

excuse for untimely service is simply a bare accusation that the defendants avoided his improper attempts at service. This is not "good cause."

Because Hood-Bey has not demonstrated good cause for his protracted failure to serve the defendants, the Court concludes that the appropriate course in this case is to "dismiss the action without prejudice" against all defendants rather than to "order that service be made within a specified time." Fed. R. Civ. P. 4(m).

### B. Motions for Default Judgment

Due to Hood-Bey's repeated failure to make timely service and the consequent dismissal of this action, the two Motions for Default Judgment related to this case are necessarily denied as moot. Filing 20; Filing 28. Regardless, both motions are deficient. Entry of default by the Clerk of Court pursuant to Federal Rule of Civil Procedure 55(a) is the first step in a two-step process for default judgment. Fed. R. Civ. P. 55(a). *See Westchester Fire Ins. Co. v. Edge Elec., LLC*, No. 8:22CV170, 2022 WL 4388797, at *1 (D. Neb. Sept. 22, 2022), *on reconsideration in part*, No. 8:22CV170, 2022 WL 16748685 (D. Neb. Nov. 7, 2022) (citing *Inman v. Am. Home Furniture Placement, Inc.*, 120 F.3d 117, 118 n.2 (8th Cir. 1997)). The applicable local rule, NECivR 55.1(a), states the requirements to obtain entry of default by the Clerk. Even if Hood-Bey had completed timely service here, he failed to seek entry of default by the Clerk under Rule 55(a) as a prerequisite to entry of default judgment pursuant to Rule 55(b), necessitating the dismissal of both his Motions for Default Judgment.

### III. CONCLUSION

Accordingly,

IT IS ORDERED that

1. This action is dismissed without prejudice for failure to make service within the time provided by Federal Rule of Civil Procedure 4(m); and

7

2.	Hood-Bey's pending Motions, Filing 20, Filing 28, Filing 29, and Filing 32, are denied as moot.

Dated this 22nd day of April, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge

8