IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ISAIAH HOOD-BEY, <br><br> Plaintiff, <br><br> vs. <br><br> CHAD M. BROWN, Judge; KEITH KOLLASCH, Attorney; JESSICA WALKER, OMAHA POLICE DEPARTMENT, DMV, BEAU FINLEY, Judge; MARCELA KEIM, DEREK R. VAUGHN, GRANT A. FORSBERG, THOMAS K. HARMON, STATE OF NEBRASKA, DOUGLAS COUNTY CORRECTIONS, LACEE GERWICK, SADIE ABOOD, KAITLIN HAHN, HALL OF JUSTICE-DOUGLAS, OMAHA, NE, JADYN ANDERSON, DR. ALYSSA BISH, DHHS, PROJECT HARMONY, EMILY KIERSCHT, Teacher; MARIA RODEN, Principal; SUNNY SLOPE ELEMENTARY, OMAHA PUBLIC SCHOOLS, CHI IMANNUEL HEALTH, SCOTT, Officer; TANNER REISS, RAUN L. ELLEB, BENJAMIN WEIDNER, AUSTIN BECK, LUCIANO S. RIZZO, NOAH ZENDEJAS, and DOUGLAS E. JOHNSON, <br><br> Defendants. | 8:24CV474 <br><br> **ORDER DISMISSING REMAINING DEFENDANTS WITHOUT PREJUDICE** |
| ISAIAH HOOD-BEY, <br><br> Plaintiff, <br><br> vs. <br><br> DEPARTMENT OF MOTOR VEHICLES, DOUGLAS COUNTY COURT, STATE OF NEBRASKA, OFFICER NOAH ZENDEJAS (2513), LUCIANO S RIZZO (1930), LACEE K GERWECK (Y656), AUSTIN BECK (2443), AND JESSICA WALKER (2520), <br><br> Defendants. | 8:24CV255 <br><br> **ORDER STRIKING MOTION TO EXTEND** |

1

This case is before the Court on the *pro se* plaintiff's Motion to Extend, Filing 74 (24CV474), filed in response to the Court's Memorandum and Order on Motions to Dismiss and Motions for Default Judgment, Filing 73 (24CV474). Because the plaintiff has not demonstrated good cause for his failure to complete service of process on 18 unserved defendants pursuant to Federal Rule of Civil Procedure 4(m), the Court dismisses the plaintiff's action against those defendants.

## I.  BACKGROUND

As the Court explained in its prior Memorandum and Order, plaintiff Isaiah Hood-Bey filed two separate cases before this Court, Case No. 8:24CV255 (24CV255) and Case No. 8:24CV474 (24CV474), suing 34 total defendants across both actions and suing some of the same defendants in each action. Filing 73 at 3 (24CV474). In 24CV474 alone, Hood-Bey has sued 33 defendants, filing hundreds of pages of documents with the Court and levying disjointed and incomprehensible claims against the defendants. Filing 73 at 2–3 (24CV474). In prior Orders in both cases, the Court noted that all of Hood-Bey's claims appear to arise out of five ongoing state court criminal prosecutions against Hood-Bey. *See State v. Isaiah Hood*, Case No. CR23-6798; *State v. Isaiah R Hood*, Case No. CR24-4952; *State v. Isaiah R Hood*, Case No. CR24-5367; *State v. Isaiah R Hood*, Case No. CR24-20084; *State v. Isaiah R Hood*, Case No. CR25-1622.

### A.  Case No. 8:24CV255

Hood-Bey sued eight defendants in 24CV255—seven of whom are also named as defendants in 24CV474—but the Court dismissed 24CV255 in its entirety on April 22, 2025, after the Court ruled that Hood-Bey had failed to make timely service upon any defendant in that case and had not demonstrated good cause for his failure to complete service pursuant to Federal Rule of Civil Procedure 4(m). Filing 33 (24CV255).

More than three months before the Court's Order dismissing 24CV255, United States Magistrate Judge Michael D. Nelson had informed Hood-Bey that his attempts to complete service of process were improper. Filing 18 at 1 (24CV255). At that time, Judge Nelson explained to Hood-Bey that Neb. Rev. Stat. § 25-510.02 prescribes the method for serving the State of Nebraska or any state agency and any county or political subdivision, while Neb. Rev. Stat. § 25-511 and Neb. Rev. Stat. § 25-508.01 prescribe the method for serving any state employee sued in an individual capacity. Filing 18 at 1–2 (24CV255). Judge Nelson also explained to Hood-Bey that Federal Rule of Civil Procedure 4(m) states, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Filing 18 at 1 (24CV255). Judge Nelson reminded Hood-Bey that even though he was proceeding *pro se*, he "must nevertheless comply with local rules, court orders, and the Federal Rules of Civil Procedure." Filing 18 at 2 (24CV255) (citing *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856 (8th Cir. 1996) ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."); *Bennet v. Dr Pepper/Seven Up, Inc.*, 295 F.3d 805, 808 (8th Cir. 2002) ("[The plaintiff's] pro se status did not entitle him to disregard the Federal Rules of Civil Procedure, even without affirmative notice of the application of the rules to his case." (internal quotation marks omitted))).

Hood-Bey blamed the defendants for his delayed service, claiming that the defendants had used "bad-faith evasion tactics" to "actively dodge[ ] service at every turn." Filing 20-1 at 2, 4 (24CV255). However, the Court noted that the certified mail service Hood-Bey accused the defendants of dodging was the very same certified mail service Judge Nelson had previously explained was insufficient under Nebraska state law. Filing 33 at 6 (24CV255). The Court also

3

observed that Hood-Bey had offered no explanation of the defendants' alleged "bad faith tactics." Filing 33 at 6 (24CV255). Thus, the Court concluded, Hood-Bey's excuse for untimely service was simply a bare accusation that the defendants avoided his improper attempts at service. Filing 33 at 6–7 (24CV255). Because Hood-Bey's excuse did not constitute good cause for his failure to timely serve the defendants under Rule 4(m), the Court dismissed Hood-Bey's action without prejudice. Filing 33 at 7 (24CV255).

### B. Case No. 8:24CV474

Hood-Bey filed 24CV474 on December 10, 2024—over 140 days ago. Filing 1 (24CV474). In 24CV474, Hood-Bey sued 33 defendants, although 14 of those defendants were dismissed in a prior Order addressing various motions to dismiss. Filing 73 (24CV474). The remaining defendants are primarily state court judges and officials. As the Court noted in that prior Order, 18 of the 33 defendants (not including the 14 dismissed defendants) had not entered an appearance or otherwise responded to Hood-Bey's Complaint. Filing 73 at 35 (24CV474). The Court informed Hood-Bey that he had not properly accomplished service upon those 18 defendants, nor had he complied with Federal Rule of Civil Procedure 4(m), which requires that service of process be accomplished within 90 days after the complaint is filed. Filing 73 at 35 (24CV474). Specifically, the Court pointed Hood-Bey to Neb. Rev. Stat. §§ 25-505.01(1)(c), 25-508.01, 25-510.02, and 25-511 for the relevant requirements and methods of service. Filing 73 at 35 (24CV474). The Court also reminded Hood-Bey twice that although he is proceeding *pro se* in this matter, he is obligated to comply with local rules, court orders, and the Federal Rules of Civil Procedure. Filing 73 at 13–14 (24CV474) (citing *Ackra Direct Mktg. Corp.*, 86 F.3d at 856; NEGenR 1.3(g) ("Unless stated otherwise, parties who proceed pro se are bound by and must comply with all local and federal procedural rules.")), 14 (citing NEGenR 1.3(g); *Bennet*, 295 F.3d at 808). In light of Hood-Bey's failure to make proper and timely service on the 18 defendants, the Court ordered as follows:

4

> Absent a motion for an extension of time for leave to serve the remaining 18 defendants demonstrating good cause, Hood-Bey's claims against those defendants will be dismissed in seven days from the date of this order.

Filing 73 at 37 (24CV474). Hood-Bey's Motion to Extend, Filing 74 (24CV474), was filed before the deadline set by the Court.[1]

## II. ANALYSIS

### A. Motion to Extend

In his Motion to Extend, Hood-Bey asks the Court for additional time to serve the remaining 18 defendants. Filing 74 at 2 (24CV474). In support of that request, Hood-Bey states, "I believed I properly served the defendants, as my documents were accepted by the Court and I made the filing deadlines." Filing 74 at 2 (24CV474). Hood-Bey explains that "[h]ad there been any deficiencies, [he] would have expected notice from the Court or Clerk of Court." Filing 74 at 2 (24CV474). Instead, "at no point was [he] notified that [his] service procedure was improper." Filing 74 at 2 (24CV474). In fact, Hood-Bey argues that the "Court's acceptance of [his] filings reinforced [his] belief that [he] was following the correct procedure." Filing 74 at 2 (24CV474). Hood-Bey asserts, "In my previous case, 8:24CV00255, the defendants similarly refused service, yet the Court accepted filings and found good cause under the circumstances." Filing 74 at 2 (24CV474). Hood-Bey argues that "[g]ranting this motion will further the interests of justice." Filing 74 at 2 (24CV474).

### B. Hood-Bey Has Not Shown Good Cause

Hood-Bey is well aware by now that Federal Rule of Civil Procedure 4(m) states, "If a defendant is not served within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant

---

[1] Hood-Bey filed an identical copy of his Motion to Extend in 24CV255. Filing 34 (24CV255). Because Filing 34 (24CV255) was clearly filed in the wrong case, it is stricken pursuant to NEGenR 1.3(a)(4).

5

or order that service be made within a specified time." Fed. R. Civ. P. 4(m). Between Hood-Bey's two cases, this Court and Judge Nelson have explained Rule 4(m) to Hood-Bey on three different occasions. Filing 18 at 1 (24CV255); Filing 33 at 6 (24CV255); Filing 73 at 35 (24CV474). Rule 4(m) provides further, "But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period." *Id.* Here, Hood-Bey has not shown good cause for his failure to serve the defendants within the time provided by Rule 4(m), so the Court is not required to extend the time for Hood-Bey to attempt to do so. *Id.*

Hood-Bey's excuse for untimely service is that he "belie[ved] that [he] was following the correct procedure" and that "at no point was [he] notified that [his] service procedure was improper." Filing 74 at 2 (24CV474). This is not "good cause." *See Kurka v. Iowa Cnty, Iowa*, 628 F.3d 953, 957 (8th Cir. 2010) ("Whether or not [good cause] has been satisfied is largely dependent upon the facts of each individual case. It is for this very reason that such a determination is entrusted to the sound and considerable discretion of the district court in the first instance." (internal quotation marks and citation omitted)).

The first problem with Hood-Bey's excuse is that Eighth Circuit Court of Appeals precedent and the Court's local rules demand more than a *pro se* plaintiff's "belief" that he is following proper procedure. Rather, a *pro se* plaintiff must actually comply with procedural requirements. *See Ackra Direct Mktg. Corp.*, 86 F.3d at 856 ("In general, *pro se* representation does not excuse a party from complying with a court's orders and with the Federal Rules of Civil Procedure."); *Bennet*, 295 F.3d at 808 ("[The plaintiff's] pro se status did not entitle him to disregard the Federal Rules of Civil Procedure, even without affirmative notice of the application of the rules to his case." (internal quotation marks omitted)); NEGenR 1.3(g) ("Unless stated otherwise, parties who proceed pro se are bound by and must comply with all local and federal

procedural rules."). This means that it was Hood-Bey's responsibility alone to comply with Federal Rule of Civil Procedure 4, which not only provides for timely service of process but which also sets forth the methods for serving various types of defendants. *See* Fed. R. Civ. P. 4(e) (providing the methods for serving an individual within a judicial district of the United States); Fed. R. Civ. P. 4(h) (providing the methods for serving a corporation, partnership, or association); Fed. R. Civ. P. 4(j) (providing the methods for serving a foreign, state, or local government). While Rule 4 permits Hood-Bey to follow state law for serving many of the defendants in this matter, Hood-Bey must actually follow state law. *See* Fed. R. Civ. P. 4(e)(1); Fed. R. Civ. P. 4(j)(2)(B). For instance, although Neb. Rev. Stat. § 25-505.01(c) authorizes certified mail service—and although Rule 4 empowers Hood-Bey to use certified mail service in this case—Hood-Bey must do more than "believe" that he properly made service by certified mail. Instead, Hood-Bey must comply with the requirements of Neb. Rev. Stat. § 25-505.01(c), including the requirement of "filing with the court proof of service with the signed receipt attached." *See Ackra*, 86 F.3d at 856. Hood-Bey has consistently failed to comply with that requirement here.

Hood-Bey's obligation to comply with the Federal Rules of Civil Procedure exists regardless of whether the Court affirmatively notifies him "of the application of the rules to his case." *Bennet*, 295 F.3d at 808. Thus, Hood-Bey's argument that "at no point was [he] notified that [his] service procedure was improper" is unavailing. This argument is also simply not true. Judge Nelson notified Hood-Bey that his "service procedure" was improper in January 2025. *See* Filing 18 (24CV255). Although Judge Nelson's notification was directed at Hood-Bey's attempted service of process in 24CV255, Hood-Bey frequently conflates 24CV255 and 24CV474 in his filings. *See e.g.*, Filing 34 (24CV255) (Motion to Extend filed on the docket for 24CV255 but given the case number "8:24CV00474" by Hood-Bey); Filing 74 (24CV474) (Motion to Extend

filed on the docket for 24CV474 and given the case number "8:24CV00474" by Hood-Bey, but listing only the eight defendants from 24CV255 in the caption); Filing 20-1 (24CV255) (Motion for Default Judgment filed on the docket for 24CV255 but explaining the incidents leading Hood-Bey to file 24CV474); Filing 29 (24CV255) (Motion for Default Judgment filed on the docket for 24CV255 but taking issue with the conduct of the attorneys for defendants in 24CV474). Accordingly, the Court finds it unlikely that Hood-Bey understood Judge Nelson's notification in 24CV255 to operate in isolation.

Even if Hood-Bey did manage to mentally disentangle his two cases in the narrow context of his improper "service procedure," the Court is not persuaded that Hood-Bey was blind to the fact that his attempted service in 24CV474 did not comply with the Federal Rules of Civil Procedure or Nebraska state law. Significantly, Hood-Bey employed the same faulty "service procedure" that Judge Nelson rejected in 24CV255 when Hood-Bey attempted to serve the defendants in 24CV474—several of whom were also defendants in 24CV255. For instance, Hood-Bey attempted to serve the State of Nebraska in the same manner in both 24CV255 and 24CV474. Filing 10 (24CV255); Filing 22 (24CV474). Judge Nelson informed Hood-Bey that his attempted service in 24CV255—necessarily including his attempted service on the State of Nebraska—was not proper under Nebraska state law. Filing 18 at 1–2 (24CV255). Thus, it should not have been news to Hood-Bey that his identical attempted service on the State of Nebraska in 24CV474 was also improper under state law. The same is true of Hood-Bey's attempted service upon state employees in both cases. Judge Nelson notified Hood-Bey that he had not properly served any state employee defendants by certified mail in 24CV255. Filing 18 at 1–2 (24CV255). Because Hood-Bey's attempts at certified mail service in 24CV474 were identical to his attempts at certified mail service in 24CV255—including the fact that his returned summonses did not contain

a signed receipt—he should not have been surprised to learn that he also had not properly served any state employee defendants by certified mail in 24CV474. *See* Neb. Rev. Stat. § 25-505.01.

Finally, the Court rejects Hood-Bey's argument that the Court should find good cause for his failure to make timely service upon the 18 unserved defendants in this case because "[i]n my previous case, 8:24CV00255, the defendants similarly refused service, yet the Court accepted filings and found good cause under the circumstances." Filing 74 at 2 (24CV474). For the reasons explained in Section I.A. above, the Court found that Hood-Bey plainly had not demonstrated good cause for his failure to make timely service in 24CV255. *See also* Filing 33 (24CV255). Hood-Bey's reliance on the disposition of 24CV255 is thus uncompelling and ineffective.

In sum, Hood-Bey "ha[d] ample notice of a defect in service, d[id] not attempt an obvious correction, and cho[se] to defend the validity of the service attempted." *Adams v. AlliedSignal Gen. Aviation Avionics*, 74 F.3d 882, 887 (8th Cir. 1996). Thus, "there is no good cause for the resulting delay if that method of service fails." *Id.* Because Hood-Bey has not demonstrated good cause for his protracted failure to serve the remaining 18 defendants, the Court concludes that the appropriate course in this case is to "dismiss the action without prejudice" against those 18 defendants rather than to "order that service be made within a specified time." Fed. R. Civ. P. 4(m).

### III. CONCLUSION

Accordingly,

IT IS ORDERED that

1. Hood-Bey's Motion to Extend filed in 24CV474, Filing 74 (24CV474), is denied; and

2. The following 18 defendants are dismissed from 24CV474 because Hood-Bey has failed to make service within the time provided by Federal Rule of Civil Procedure 4(m):

    a. Chad M. Brown, Judge;

   b. DMV;

   c. Beau Finley, Judge;

   d. Marcela Keim;

   e. Derek R. Vaughn;

   f. Grant A. Forsberg;

   g. Thomas K. Harmon;

   h. State of Nebraska;

   i. Douglas County Corrections;

   j. Lacee Gerwick;

   k. Sadie Abood;

   l. Kaitlin Hahn;

   m. Hall of Justice-Douglas, Omaha, NE;

   n. Jadyn Anderson;

   o. Dr. Alyssa Bish;

   p. DHHS;

   q. Project Harmony; and

   r. CHI Immanuel Health.

IT IS FURTHER ORDERED that

3. Hood-Bey's identical Motion to Extend filed in 24CV255, Filing 34 (24CV255), is stricken pursuant to NEGenR 1.3(a)(4); and

4. The Clerk of Court is directed to file a copy of this Order on the docket for Case No. 8:24CV474 and on the docket for Case No. 8:24CV255.

Dated this 30th day of April, 2025.

BY THE COURT:

_____
Brian C. Buescher
United States District Judge