IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ISAIAH HOOD-BEY,<br><br>                   Plaintiff,<br><br>vs.<br><br>DEPARTMENT OF MOTOR VEHICLES, DOUGLAS COUNTY COURT, STATE OF NEBRASKA, OFFICER NOAH ZENDEJAS (2513), LUCIANO S RIZZO (1930), LACEE K GERWECK (Y656), AUSTIN BECK (2443), and JESSICA WALKER (2520),<br><br>                   Defendants. | 8:24CV255<br><br>MEMORANDUM AND ORDER ON PLAINTIFF'S MOTION FOR LEAVE TO APPEAL IN FORMA PAUPERIS |

      On April 22, 2025, the Court dismissed this action without prejudice because *pro se* plaintiff Isaiah Hood-Bey had failed to make service of process upon the defendants within the time provided by Federal Rule of Civil Procedure 4(m). Filing 33. Hood-Bey filed a notice of appeal on May 22, 2025, Filing 36, but he did not pay the filing fee for an appeal or file a motion for permission to appeal in forma pauperis. Accordingly, the Court ordered Hood-Bey to pay the filing fee for an appeal or move for permission to appeal in forma pauperis and file the accompanying financial affidavit within ten days of the Court's June 3, 2025, order. Filing 39. Presently before the Court is Hood-Bey's timely Motion for Leave to Appeal In Forma Pauperis. Filing 40. For the reasons below, Hood-Bey's Motion is denied.

      Under Federal Rule of Appellate Procedure 24, a party who was not previously permitted to proceed in forma pauperis in the district court action but who desires to appeal in forma pauperis must file a motion in the district court and attach an affidavit that does the following:

      **(A)** shows in detail prescribed by Form 4 of the Appendix of Forms the party's inability to pay or to give security for fees and costs;

1

      **(B)** claims an entitlement to redress; and

      **(C)** states the issues that the party intends to present on appeal.

Fed. R. App. P. 24(a)(1)(A)-(C). Form 4 is titled "Affidavit Accompanying Motion for Permission to Appeal In Forma Pauperis" and is available on the Court's website at www.ned.uscourts.gov/public/proceeding-without-an-attorney. The Court previously directed Hood-Bey to this form on the Court's website and provided Hood-Bey with the link to access it. Filing 39 at 1.

      Despite the Court's direction, Hood-Bey did not attach Form 4 itself to his Motion. *See generally* Filing 40. Moreover, the affidavits that Hood-Bey did attach do not "show[ ] in detail prescribed by Form 4 of the Appendix of Forms [Hood-Bey's] inability to pay or to give security for fees and costs." Fed. R. App. P. 24(a)(1)(A). First, Hood-Bey filed an "Affidavit of Financial Statement" that quotes—inaccurately at times—numerous sections of the United States Constitution. Filing 40 at 1–2. The only claim this document makes about Hood-Bey's financial status is that he "do[es] not have, or possess, any gold or silver coins." Filing 40 at 1. Hood-Bey then filed two separate "Application[s] to Proceed in District Court Without Prepaying Fees or Costs." Filing 40-1; Filing 40-2. Besides the obvious fact that these documents relate to district court proceedings instead of appellate proceedings, the information contained in these documents lacks the "detail prescribed by Form 4." Fed. R. App. P. 24(a)(1)(A). Form 4 requires an in forma pauperis applicant to list, among other things, the average monthly amount of money the applicant and his spouse have each received from certain enumerated sources of income; the employment history for the past two years of both the applicant and his spouse; the assets, described in detail, and their values owned by the applicant or his spouse; and the itemized average monthly expenses of the applicant and his spouse. Fed. R. App. P. Form 4. Both of Hood-Bey's "applications" simply state that he has $0 and that he "own[s] only an automobile and the clothes [he] wear[s]." Filing

40-1 at 1–2; Filing 40-2 at 1. Neither application identifies Hood-Bey's or his spouse's employment history for the last two years nor describes in detail his assets, including the make, year, model, registration number, and value of his "automobile." Similarly, neither application contains an itemized list of his and his spouse's average monthly expenses or average monthly income. Instead, Hood-Bey claims only that he "do[es] not have regular monthly expenses due to being unhoused and living in [his] automobile" and that he has "not received income from business, rent, pension, disability, gifts, or any other source in the past 12 months." Filing 40-2 at 1. The Court notes that within the last 12 months, Hood-Bey has paid the filing fee for two separate district court actions—including the current action—so the Court finds it very unlikely that Hood-Bey has not received any income whatsoever during that period.

Finally, Hood-Bey filed an "Affidavit in Support of Motion for Leave to Appeal In Forma Pauperis." Filing 40-3. Like Hood-Bey's "Applications to Proceed in District Court," this document does not contain the "detail prescribed by Form 4." Fed. R. App. P. Form 4. Hood-Bey simply repeats the same general statements from his two prior applications and fails to inform the Court of his financial circumstances in the detail required by Rule 24(a)(1)(A). Furthermore, none of Hood-Bey's attached affidavits state the issues he intends to present on appeal, as required by Rule 24(a)(1)(C). *See generally* Filing 40; Filing 40-1; Filing 40-2; Filing 40-3. The Court thus denies Hood-Bey's Motion for Leave to Appeal In Forma Pauperis. He may seek leave to appeal in forma pauperis from the Court of Appeals pursuant to Rule 24(a)(5). Fed. R. App. P. 24(a)(5) ("A party may file a motion to proceed on appeal in forma pauperis in the court of appeals within 30 days after service of the notice prescribed in Rule 24(a)(4)."). Accordingly,

IT IS ORDERED that Hood-Bey's Motion for Leave to Appeal In Forma Pauperis, Filing 40, is denied.

Dated this 17th day of June, 2025.

                                                          BY THE COURT:

                                                        _____

                                                        Brian C. Buescher
                                                        United States District Judge